IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HORACE BENJAMIN ARCHER,

    Petitioner,

v.

VINCENT MOONEY, et al.,

    Respondents.

CIVIL ACTION
NO. 14-6437

## ORDER

**AND NOW**, this 29th day of February, 2016, upon careful and independent consideration of the petition for writ of *habeas corpus*, and after review of the report and recommendation of United States Magistrate Judge Linda K. Caracappa, it is hereby **ORDERED** as follows:

1. The report and recommendation is APPROVED and ADOPTED.[1]

---

[1] The undersigned adopts the report and recommendation in all respects but includes the present note to clarify one aspect of its reasoning. One of the petitioner's claims is that the PCRA court erred by not granting discovery or an evidentiary hearing related to the involvement in his case of two police officers implicated in an unrelated scandal that led to the withdrawal of numerous other cases.

As explained in the report and recommendation, this claim is not cognizable because federal *habeas* review applies only to issues with the proceedings that resulted in the petitioner's conviction, not to defects in collateral PCRA proceedings. *See Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998). But before dismissing a claim on that basis, particularly with *pro se* petitioners who may not articulate their claims precisely, it is important to be sure that the issue raised indeed relates to the PCRA proceedings rather than the underlying conviction. Typically it is quite clear: *Hassine* itself, for instance, concerned delay in processing the PCRA petition, *see id.*, and the other case cited in the report and recommendation concerned an allegation that evidence had been altered in the PCRA proceedings, not during the trial, *see Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004).

It is slightly less obvious that the claim in this case attacks only the PCRA proceedings, because the petitioner is in a sense arguing that his conviction was tainted by the involvement of these officers. But the issue is indeed framed as a failure to afford discovery or an evidentiary hearing during the PCRA proceedings, and the PCRA court's opinion makes clear that it arose and was addressed as a discovery issue. Denials of discovery or evidentiary hearings do fall under the rationale of *Hassine*. *See Woods v. Pierce*, 967 F. Supp. 2d 1013, 1028-29 (D. Del. 2013); *Anderson v. Phelps*, 930 F. Supp. 2d 552, 563 (D. Del. 2013); *Parker v. Kerestes*, No. CIV. 10-7262, 2012 WL 676984, at *3 (E.D. Pa. Feb. 29, 2012).

2. The petition for writ of *habeas corpus* is DISMISSED with prejudice.

3. There is no probably cause to issue a certification of appealability.

4. The Clerk of the Court shall mark this case closed for statistical purposes.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

In any event, even if it were cognizable as an attack on the underlying conviction, the issue is without merit. All the petitioner has put forward with respect to the claim is that two narcotics officers, who were merely present at the scene and not directly involved with this homicide case, were implicated in an unrelated scandal; there is no indication or even theory as to what improper conduct affected this case. This vague allegation provides no basis on which to find the possibility of any constitutional defect in the petitioner's conviction.